**UNITED STATES of America,**
**Appellee,**

v.

**Zenaido VASQUEZ–RESENDIZ,**
**Appellant.**

No. 01–2166.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 2001.

Decided Nov. 29, 2001.

Before BYE, RICHARD S. ARNOLD,
and BEAM, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Zenaido Vasquez–Resendiz pleaded guilty to being present in the United States after having been deported, in violation of 8 U.S.C. § 1326. At sentencing, he requested a downward departure from the pertinent United States Sentencing Guideline range because his deportable-alien status would preclude him from participating in various prison programs that might reduce the time he spent in prison or allow him to serve his sentence under more favorable conditions. The district court[1] denied the motion, concluding that it lacked the power to depart downward based on Vasquez–Resendiz's deportable-alien status. The district court determined that Vasquez–Resendiz was an aggravated felon and imposed a sentence of 46 months in prison.

On appeal, Vasquez–Resendiz argues that the district court erred in deciding that it lacked the power to depart downward based upon his deportable-alien status. We have expressly rejected the argument Vasquez–Resendiz advances here because the United States Sentencing Commission considered deportable-alien status in fixing the Guideline ranges. *United States v. Cardosa–Rodriguez*, 241 F.3d 613, 614 (8th Cir.2001). We are bound by our earlier decision and we therefore affirm the judgment and sen-

---

1. The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

tence imposed by the district court. *See* 8th Cir. R. 47B.

A true copy.